UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY JOHNSON,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:17-cv-108
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Jeffrey Johnson brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security ("Commissioner") rejecting plaintiff's request to reopen his 2010 applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the Court on plaintiff's statement of errors (Doc. 11) and the Commissioner's response in opposition (Doc. 12).

**I. Procedural Background**

Plaintiff, proceeding without an attorney or representative, filed his applications for DIB and SSI in June 2010. (Tr. 131). These applications were denied initially and upon reconsideration. (*Id.*). Plaintiff did not request a hearing before an administrative law judge ("ALJ") after reconsideration and the denial of the applications therefore became final.

Plaintiff obtained counsel and reapplied for SSI on February 6, 2014, alleging disability since April 10, 2007 with a protective filing date of December 18, 2013. (Tr. 213-216). His application was denied initially and upon reconsideration. (Tr. 127, 141). Plaintiff, through counsel, requested and was afforded a hearing before ALJ Robert Senander on November 25, 2015. (Tr. 1-63). On January 20, 2016, the ALJ issued a favorable decision finding plaintiff to be disabled and granting plaintiff's SSI application. (Tr. 105-120). The ALJ determined that

plaintiff was disabled as of December 18, 2013, his protective filing date, and awarded benefits. (Tr. 119). The ALJ found no basis for reopening plaintiff's prior DIB and SSI applications from 2010. (Tr. 109). The ALJ noted that plaintiff had not shown good cause to reopen his prior applications:

> The undersigned does not find a basis for reopening the claimant's prior Title II application or Title XVI application (20 CFR §§ 404.988 and 416.1488). Review of the medical evidence showed the claimant's physical medically determinable impairments were limiting but not disabling (Exhibits 12F at 35-37). Therefore, good cause to reopen was not shown. Social Security Ruling 91-5p was also considered and does not apply in this case.

(*Id.*).

Plaintiff requested that the Appeals Council review the ALJ's decision rejecting plaintiff's request to reopen his prior applications. (Tr. 98-101). The Appeals Council denied plaintiff's request for review, making the decision of the ALJ the final administrative decision of the Commissioner. (Tr. 64-67).

## II. Plaintiff's assignment of error

### A. The Parties' Arguments

Plaintiff argues that he was denied due process when the ALJ failed to properly weigh the evidence in determining whether there was good cause to reopen his prior DIB and SSI applications. (Doc. 11 at 3). Plaintiff alleges that the ALJ failed to consider whether the combination of plaintiff's physical and mental impairments affected his ability to pursue an appeal from the denial of his original applications. (*Id.*). Plaintiff notes that Social Security Ruling 91-5p, 1991 WL 208067 (July 1, 1991), directs adjudicators to consider whether a claimant lacked the mental capacity to understand the procedures for requesting review.[1]

---

[1] SSR 91–5p outlines the factors an adjudicator must consider when determining whether a claimant's mental capacity establishes good cause for the claimant's failure to timely request a review:

2

Plaintiff alleges the ALJ failed to give any meaningful explanation as to why SSR 91-5p did not apply in his case. Plaintiff acknowledges that SSR 91-5p does not specifically apply to the question of whether a previous application should be reopened; however, plaintiff alleges his physical and mental impairments (failed laminectomy, lumbar spine secondary to degenerative disc disease; affective disorder; and anxiety disorder) suggest that the Social Security Ruling should apply. Plaintiff contends that the combination of his lack of legal representation, physical limitations, and mental limitations created "a risk for failure to receive due process." (Doc. 11 at 5). Plaintiff alleges the ALJ's statement that SSR 91-5p "does not apply in this case" is vague and fails to disclose whether the ALJ properly considered the relevant factors in denying his request for reopening.

The Commissioner argues that the Court lacks subject-matter jurisdiction over this matter and this case should be dismissed on that basis. The Commissioner contends that the ALJ's decision rejecting plaintiff's request to reopen his prior applications is not a final decision that is subject to judicial review under 42 U.S.C. § 405(g). (Doc. 12 at 6). The Commissioner contends that an ALJ's decision not to reopen an earlier determination is not subject to judicial review unless it is challenged on constitutional grounds. (*Id.* at 7) (citing *Califano v. Sanders*, 430 U.S. 99, 108-09 (1977); *Bogle v. Sullivan*, 998 F.2d 342, 346 (6th Cir. 1993); *Gay v. Comm'r of Soc. Sec.*, 520 F. App'x 354, 357 (6th Cir. 2013); 20 C.F.R. § 404.903(l)). The Commissioner contends that plaintiff has not presented a colorable constitutional violation to warrant judicial review. (*Id.* at 8-9).

The Commissioner also argues that plaintiff has not shown that he qualifies for reopening

---

(1) [An] inability to read or write;
(2) [L]ack of facility with the English language;
(3) [L]imited education; [and]
(4) [A]ny mental or physical condition which limits the claimant's ability to do things for him/herself.

3

his prior claims under the regulations. (*Id.* at 3). The Commissioner maintains that the regulations only permit an ALJ to reopen a determination for technical reasons or time-based reasons, including within 12 months of the date of the notice of the initial determination, for any reason, or within four years of the date of the notice of initial determination, for good cause shown. (*Id.*) (citing 20 C.F.R. § 404.988). The Commissioner contends that plaintiff's request to reopen was not brought within four years of his initial determination. (*Id.* at 3-4). The Commissioner further contends that plaintiff cannot show good cause for reopening, such as a computation error or new or material evidence relevant to his previous application. (*Id.* at 5). The Commissioner also argues that the mere existence of plaintiff's physical and mental health impairments does not establish good cause under 20 C.F.R. § 404.989 and no case law supports plaintiff's argument. (*Id.*).

**B. Subject-Matter Jurisdiction**

The administration of disputed Social Security benefits claims is governed by a four-step process. *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). The first step is an initial determination. *Id.* If dissatisfied with the result, the claimant may proceed to the second step by requesting a *de novo* reconsideration of that determination. *Id.* If the claimant is dissatisfied after completion of the second step, he may request an evidentiary hearing and a *de novo* review before an ALJ. *Id.* The fourth step is an appeal to the Appeals Council. *Id.* The claimant may then seek judicial review in federal district court. *Id.* (citing 42 U.S.C. § 405(g); *Heckler v. Day*, 467 U.S. 104, 106-07 (1984)).

Judicial review of Social Security disability claims is governed by 42 U.S.C. § 405(g) (DIB) and 42 U.S.C. § 1383(c)(3) (SSI), which grant the district court subject matter jurisdiction over a final decision of the Commissioner made after a hearing. *See Califano v. Sanders*, 430

U.S. 99, 108 (1977). Not all decisions relating to disability benefits are subject to judicial review. The Supreme Court has held that a federal court's jurisdiction under the Social Security Act is limited by the terms of the statute to review of a "final decision of the [Commissioner] made after a hearing." *Califano*, 430 U.S. at 108. Because the denial of a request to reopen a prior final decision may be made without a hearing, the federal courts lack jurisdiction to review a claim that the Commissioner abused his or her discretion in declining to reopen a prior application for benefits. *Id.* Nevertheless, where the denial of a request to reopen is challenged on constitutional grounds, a federal court will have jurisdiction to review the Commissioner's decision. *Id.* at 109. *See also Cottrell v. Secretary of H.H.S.*, 987 F.2d 342, 345 (6th Cir. 1992); *Harper v. Secretary of H.H.S.*, 978 F.2d 260, 262 (6th Cir. 1992); *Bogle*, 998 F.2d at 346. While a district court has jurisdiction to decide a colorable claim of a denial of due process, *Cottrell*, 987 F.2d at 345, "[s]imply couching in constitutional language what is in reality an argument, that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge." *Ingram v. Sec'y of Health and Human Servs.*, 830 F.2d 67, 67-68 (6th Cir. 1987) (citing *Gosnell v. Sec'y*, 703 F.2d 216 (6th Cir. 1983)).

The Sixth Circuit has held that a plaintiff presents a colorable constitutional claim grounded in due process to warrant judicial review of an ALJ's decision not to reopen a prior application when he alleges he "did not have the mental ability to understand and comply with the notice of further administrative procedures." *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981). The Sixth Circuit stated that due process mandates a claimant receive meaningful notice and an opportunity to be heard before a claim for disability benefits may be denied. Because "the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive [him] of the ability to understand or act upon notice of available

administrative procedures," due process requires the Commissioner to consider whether a claimant's mental capacity inhibited his ability to seek further review. *Id.* The Court in *Parker* noted that a substantial question existed as to whether the plaintiff received due process because she submitted medical evidence indicating a degree of mental illness that predated the filing of her initial application. *Id. Cf. Gosnell v. Sec'y of H.H.S.*, 703 F.2d 216, 219 (6th Cir. 1983) (holding that plaintiff failed to present a colorable constitutional claim where the record did not contain any claim or evidence of mental impairments comparable to that in *Parker*); *McQueary v. Colvin*, No. 3:15-cv-00068, 2017 WL 63034, at *5 (E.D. Ky. Jan. 5, 2017) (plaintiff did not present any evidence that he was denied due process and thus did not present a colorable constitutional claim). Thus, "[i]t is not sufficient [for a plaintiff] . . . to allege merely that he suffered from a mental impairment at the time of the earlier decision; he must show that the mental impairment eroded his ability to pursue his claim." *Grubb v. Callahan*, No. 96-6052, 1997 WL 530526, at *2 (6th Cir. July 8, 1997) (citing *Willis v. Sec'y of H.H.S.*, 802 F.2d 870, 873 (6th Cir. 1986); *Parker*, 644 F.2d at 1203)). Courts have held that plaintiffs can mount the colorable constitutional claim hurdle by "adduc[ing] evidence (apart from their own affidavits) tending to show not only that they suffered at the relevant time from a mental impairment or condition but also that the impairment or condition affected their ability to understand and/or pursue appeal rights." *Freese v. Astrue*, No. 07-cv-1, 2007 WL 2710341, at *7 (D. Me. Sept. 12, 2007) (citing *Byam v. Barnhart*, 336 F.3d 172, 183 (2d Cir. 2003)).

The Court finds that plaintiff has not presented a colorable constitutional claim for judicial review. Plaintiff alleges in his assignment of error that his "lack of representation, physical limitations and mental limitations combined create a risk for failure to receive due process." (Doc. 11 at 5). However, beyond this mere assertion in his memorandum, plaintiff

6

points to no evidence in the record demonstrating that his mental condition at the time of his 2010 SSI and DIB applications impeded his ability to pursue an appeal or understand his rights.

Moreover, the evidence present in the record does not support plaintiff's claim that his mental impairments may have impeded his ability to pursue his 2010 applications further. The record contains little mental health evidence related to plaintiff's mental impairments. Progress notes from a December 2012 visit with pain management physician Dr. John Beresh, M.D., indicate that plaintiff reported depression, but that he was also in school for computer programming. (Tr. 667-69). Plaintiff testified that he subsequently received his associate's degree in computer information services. (Tr. 11). During a disability assessment in August 2014 with Dr. Nancy Schmidtgoessling, Ph.D., plaintiff was able to understand and follow directions. (Tr. 556). Plaintiff was not confused and his memory for remote information was adequate. (*Id.*). Dr. Schmidtgoessling reported that plaintiff's fund of knowledge was in the average range and he appeared to be functioning in the average range of intelligence. (Tr. 556-57). At the administrative hearing in November 2015, plaintiff never reported that his mental impairments inhibited his ability to pursue an appeal of his 2010 applications. Instead, plaintiff reported that he "didn't know what [his] options were at the time" due to a lack of counsel and legal training. (Tr. 14-15). Thus, despite plaintiff's assertions in his brief, the evidence present in the record does not support the argument that plaintiff lacked the mental ability to understand and comply with administrative procedures such that he was denied meaningful notice and an opportunity to be heard on his prior claims. Further, plaintiff has failed to direct the Court's attention to any legal authority in support of his argument that a colorable constitutional claim grounded in due process exists where a plaintiff alleges a physical impairment or lack of legal representation. Because plaintiff has not raised a colorable constitutional claim in connection

with the Commissioner's decision not to reopen his prior DIB and SSI applications, the Court is without subject-matter jurisdiction to review the Commissioner's decision. Accordingly, the Court is foreclosed from reaching the merits of plaintiff's assignment of error and reviewing whether the ALJ erred in rejecting plaintiff's request to reopen his prior applications.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner be **AFFIRMED** and this case be closed on the docket of the Court.

Date: 1/19/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY JOHNSON,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:17-cv-108
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).